UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT LEE CHILDRESS, JR.,

                Petitioner,                Case Number: 5:09-CV-14677

v.                              HON. JOHN CORBETT O'MEARA

RAYMOND BOOKER,

                Respondent.

_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner is currently incarcerated at the Ryan Road Correctional Facility in Detroit,

Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254, challenging a criminal conviction rendered in this Court. For the reasons which follow,

the petition will be dismissed.

**I.**

Petitioner pleaded guilty in this Court to making false statements to a bank in violation of

18 U.S.C. § 1014. *See United States v. Childress, Jr.*, No. 00-CR-804661 (Steeh, J.). In

exchange for his guilty plea, two additional charges were dismissed. On June 13, 2002,

Petitioner was sentenced to 11 months' imprisonment and five years' supervised release. On

March 9, 2006, a warrant was issued for Petitioner's arrest because he was charged with

violating a condition of his supervised release when he pleaded guilty in Wayne County Circuit

Court to issuing a check with insufficient funds over $500.00. That conviction also apparently

violated a condition of Petitioner's state parole conditions. Petitioner pleaded guilty in federal

court to violating the terms of his supervised release by virtue of his Michigan state court

conviction.  On May 9, 2007, he was sentenced to a continuing term of supervised release.

*See United States v. Childress*, No. 00-cr-80466-1, Judgment in Criminal Case.

## II.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly

examine a petition to determine "if it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief."  If the court determines that the

petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v.*

*Scott*, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face").  The Rules Governing Section 2254

cases may be applied at the discretion of the district court judge to petitions not filed under §

2254.  *See* Rule 1(b), Rules Governing Section 2254 Cases.  After undertaking a Rule 4 review

of the petition, the Court concludes that the petition is not properly filed under § 2254 and will

dismiss the petition without prejudice.

## A.

Petitioner is currently incarcerated pursuant to a state court conviction, but challenges a

federal conviction for which he will serve a term of supervised release upon his release from the

state court custody.  He has filed the pending petition pursuant to 28 U.S.C. § 2254.  Section

2254 is the proper means to challenge the fact or duration of custody pursuant to a state court

judgment or conviction.  Claims asserted by federal prisoners that seek to challenge their

convictions or imposition of their sentences are properly filed under 28 U.S.C. § 2255.  *Charles*

*v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999).  However, a Court is not permitted to

characterize a pleading as a motion under § 2255, without first notifying the litigant that it

intends to recharacterize the pleading, warning the litigant that any subsequent § 2255 motion would be subject to the restrictions on second or successive motions, and providing the litigant the opportunity to withdraw the motion." *Castro v. United States*, 540 U.S. 375, 383 (2003).

In this case, the Court finds that, rather than notifying Petitioner that his pleading may be recharacterized, the more prudent course of action is to dismiss the petition without prejudice.  In the form portion of the petition, Petitioner identifies his federal court conviction as the conviction under attack.  However, in the argument portion of his petition, Petitioner appears to also be raising claims related to convictions rendered in state court.  A petitioner may challenge convictions rendered in two different courts only by filing two separate petitions.  *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court"); Rule 2(d), Rules Governing Section 2255 Proceedings ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.").  Given the confusion in the petition as to whether Petitioner wishes to challenge his federal court proceedings or his state court conviction, the Court will dismiss the petition without prejudice to Petitioner's right to challenge his federal and/or state court proceedings in the appropriate, separate petition and/or motion.

**B.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice.  Therefore, the Court denies a certificate of appealability.

### III.

For the reasons states above, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.


s/John Corbett O'Meara
United States District Judge


Date:  December 10, 2009



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 10, 2009, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager